UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THEODORE SANTIAGO,

                Plaintiff,

v.

ISRAEL JACQUEZ, et al.,

                Defendants.

CASE NO. C20-1133-JCC-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a federal prisoner confined at the Federal Detention Center (FDC) in SeaTac, Washington. Proceeding pro se and *in forma pauperis*, plaintiff submitted a proposed 42 U.S.C. § 1983 civil rights complaint. (Dkt. 4.) He names as defendants FDC Warden Israel Jacquez and FDC Assistant Wardens Green and Sweetney, in their official and unofficial capacities. He alleges violations of his constitutional rights in relation to Covid-19 and conditions of confinement, and seeks some thirty million dollars in compensatory and punitive damages.

On August 12, 2020, the Court issued an Order outlining deficiencies in the complaint and granting plaintiff leave to amend. (Dkt. 5.) The Court directed plaintiff to file an amended complaint within thirty days of the Court's Order. The Court noted it may recommend dismissal

REPORT AND RECOMMENDATION
PAGE - 1

if an amended complaint was not timely filed. To date, plaintiff has not submitted an amended complaint or otherwise responded to the Court's Order. The Court now recommends dismissal.

While a civil rights action may be brought against state or local officials under 42 U.S.C. § 1983, plaintiff seeks to pursue claims against federal officials. A civil rights claim for damages against federal officials can be brought only under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To sustain a cause of action under *Bivens*, a plaintiff must name a federal actor and show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of federal law. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), and *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A *Bivens* cause of action cannot be asserted directly against a federal agency or, as such, against a governmental official in his or her official capacity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966-67 (9th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). The action can be maintained only against federal officials in their individual capacities. *Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir. 2007) (citing *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996)). In addition, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of supervisory liability, and a plaintiff must plead that each defendant, through the individual's own actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff names the FDC Warden and Assistant Wardens in both their official and individual capacities. He alleges he complained to Jacquez, Green, and Sweetney about conditions of confinement, that a senior staff member ("Mrs. Meyer") was sent to talk to him, and that this staff member failed to resolve the issues. (Dkt. 4 at 4-7.) These allegations do not suffice to

explain how the named defendants caused or personally participated in causing the harm alleged. That is, plaintiff fails to sufficiently identify government officials who violated his constitutional rights, failed to include specific, plausible facts in support and details necessary for the Court to fully consider his claims, and failed to specify how the individual defendants caused or personally participated in causing the harm alleged.[1]

The Constitution "does not mandate comfortable prisons[.]" *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Conditions of confinement "may be, and often are, restrictive and harsh[.]" *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Rhodes*, 452 U.S. at 347). However, an institution must provide prisoners and pretrial detainees "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *see also Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *overruled on other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). While a severe or prolonged lack of sanitation could amount to a constitutional violation, *see Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995), not every deprivation or poor condition of confinement rises to that level. Courts have, for example, found a denial of twenty-one days of exercise and inadequate food, sanitation, and care does not necessarily violate the constitution. *See May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997).

Plaintiff here alleges a violation of his constitutional rights through conditions of confinement in relation to Covid-19, including the inability to shower every day and limitations

---

[1] Plaintiff also indicated in the caption, but not the body of the complaint, an intent to name Jane and John Doe defendants. (*See* Dkt. 4 at 1.) The use of "John Doe" or "Jane Doe" to identify defendants is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The Court advised plaintiff that, while it would permit the use of Doe defendants until plaintiff had an opportunity through discovery to identify unknown federal officials, he was required to name at least one federal official who could be served with the complaint.

REPORT AND RECOMMENDATION
PAGE - 3

on recreation and flushing toilets. (Dkt. 4 at 4-7 (contesting the availability of showers "just 'Mon & Wed & Friday'" or "when they feel [like] giving you [a] shower just 'Mon [through] Friday[,]'" restrictions on flushing toilets "once every 5 min twice every hour", and being on "24 hrs lock-up with a window of 2 hrs" for a shower, phone, email, and/or other recreation).) These allegations do not appear to set forth prolonged deprivations that could support a conditions of confinement claim. *See, e.g.*, *Eckard v. Trenary*, C19-0879-RAJ-MAT, 2019 U.S. Dist. LEXIS 194072 at *3-5 (W.D. Wash. Jul. 18, 2019) ("[T]he Ninth Circuit has never held that daily showers are required for inmates, and it has apparently made no definitive statement on the number of showers that must be allowed by correctional authorities in order to pass constitutional muster."; "The fact that plaintiff is limited to three showers per week is simply not a sufficiently serious deprivation to implicate federal constitutional concerns.")

Additionally, prior to filing suit in this court, plaintiff must exhaust his administrative remedies. Exhaustion applies to all actions relating to prison conditions, including those brought pursuant to *Bivens*. *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002). The Bureau of Prisons (BOP) utilizes the Administrative Remedy Program (ARP) to process prisoner complaints. 28 C.F.R. §§ 542.10–542.19. The ARP has four levels of review and an administrative appeal is not considered exhausted until it is considered on the merits by the Central Office. 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")

Plaintiff appears to concede he did not fully exhaust his administrative remedies by proceeding beyond the second step in the ARP. (Dkt. 4 at 5-7 ("I told [the senior staff person] just put [it] in your resolution so I could take it to higher [Administration, but] never got a response from Bp-8 or Bp-9 [which] did not give me a choice but to bring to Court[.]")); 28 C.F.R. §§ 542.13(a)-542.15(a) (the four levels of the ARP include filing (1) informal request (Bp-8); (2)

REPORT AND RECOMMENDATION
PAGE - 4

formal complaint with warden (Bp-9); (3) appeal to BOP Regional Director (Bp-10); and (4) appeal to BOP Central Office/General Counsel (Bp-11)). Plaintiff may not proceed with an action in this Court without first exhausting his administrative remedies.

Because plaintiff failed to correct any of the above-described deficiencies, the Court recommends his proposed complaint be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

### OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within fourteen (14) days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 30, 2020**.

DATED this 7th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5